IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

YUSEF WILLIAMS,

                Plaintiff,                OPINION AND ORDER

   v.

                                        20-cv-24-wmc

DR. THORPE and
KAREN ANDERSON,

                Defendants.

*Pro se* plaintiff Yusef Williams, who currently is incarcerated at Columbia Correctional Institution ("Columbia"), filed this lawsuit pursuant to 42 U.S.C. § 1983, against defendants Dr. Thorpe and Karen Anderson. Williams claims defendants violated his constitutional and state law rights in 2013 when they delayed sending him to the hospital for treatment for his abscessed tooth. Williams' complaint is ready for screening as required by 28 U.S.C. § 1915A. For the following reasons, the court concludes that while it may be possible for Williams to articulate constitutional and state law claims, he will be required to amend his complaint that corrects the deficiencies described in this order if he wants to proceed with this lawsuit.

OPINION

In November 2013, plaintiff Yusef Williams was incarcerated at Columbia, where Anderson was working as the Health Services Unit ("HSU") manager, and Dr. Thorpe was working as the on-site dentist.[1] Plaintiff claims that from November of 2013 through

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

January of 2014, he suffered from extreme tooth, ear, jaw and head pain. He adds that he had to deal with blood, pus, swelling and an infection in his mouth.

Plaintiff seeks to proceed against Dr. Thorpe and Anderson on Eighth Amendment deliberate indifference and Wisconsin negligence claims. However, the court must dismiss his complaint since it does not satisfy the requirements of Federal Rule of Civil Procedure 8. Rule 8 requires "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To state an Eighth Amendment claim, plaintiff must allege facts supporting an inference that his medical treatment demonstrates "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). "Serious medical needs" include (1) life-threatening conditions or those carrying a risk of permanent serious impairment if left untreated, (2) withholding of medical care that results in needless pain and suffering, or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). "Deliberate indifference" encompasses two elements: (1) awareness on the part of officials that the prisoner needs medical treatment and (2) disregard of this risk by conscious failure to take reasonable measures. Under Wisconsin law, the elements of a cause of action in negligence are: (1) a duty of care or a voluntary assumption of a

duty on the part of the defendant; (2) a breach of the duty, which involves a failure to exercise ordinary care in making a representation or in ascertaining the facts; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury.  *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 307 (1987).

The court will accept that plaintiff's tooth condition both warranted medical treatment and caused him severe pain, and thus that he was suffering from a serious medical need.  However, plaintiff does not allege that either Dr. Thorpe or Anderson either knew about his condition or failed to ensure that he received medical attention for it.  Rather, beyond describing his symptoms and alleging that he did not receive treatment for his abscessed tooth for over 30 days, the balance of plaintiff's complaint is legal arguments and citations to authorities discussing Eighth Amendment deliberate indifference and Wisconsin negligence claims.  This is a problem because to be held liable under § 1983, a prison official must have been personally involved in the constitutional deprivation.  *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional violation.").  Furthermore, a prison official cannot be held liable solely by virtue of his or her supervisory role.  *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (rejecting § 1983 actions against individuals merely for their supervisory role over others).  Since plaintiff has not actually alleged that he informed either defendant about the symptoms he was experiencing, it would be unreasonable to hold either defendant liable for the delay in treatment.

Therefore, if plaintiff wants to proceed on his claims in this lawsuit, he will need to file an amended complaint that provides additional allegations related to exactly what

defendants Thorpe and Anderson knew about his tooth condition between November 2013 and January 2014, and how they responded to his need for medical care. Plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

ORDER

IT IS ORDERED that:

1) Plaintiff Yosef Williams is DISMISSED without prejudice for failure to meet the requirements of Federal Rule of Civil Procedure 8.

2) Plaintiff may have until **May 31, 2021, to submit an amended complaint that meets the requirements of Rule 8. If plaintiff fails to respond by that deadline, then this case will be dismissed with prejudice for failure to state a claim upon which relief can be granted.**

Entered this 10th day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge