IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

YUSEF WILLIAMS,

                Plaintiff,                OPINION AND ORDER

v.

                                          20-cv-24-wmc

DR. THORPE,
KAREN ANDERSON, and
TERESA ANDERSON,[1]

                Defendants.

---

*Pro se* plaintiff Yusef Williams, who currently is incarcerated at Columbia Correctional Institution ("Columbia"), is proceeding in this lawsuit against Dr. Thorpe, Karen Anderson and Teresa Anderson, on Eighth Amendment deliberate indifference and Wisconsin negligence claims, for their alleged failure to treat his dental abscess. Williams has filed a motion asking that the court (1) order prison officials to permit Williams to use his release account to pay certain litigation costs; and (2) confirm to prison officials that he has deadlines in this case, so that he can receive extra library time. (Dkt. #25.) The court addresses these requests in turn.

*First*, the court is denying Williams request for access to his release account to pay litigation costs. The use of inmate release account funds is governed by state law. *See* Wis. Admin. Code § DOC 309.466(2) ("Prior to release, the department may authorize the disbursement of release account funds for purposes that will aid the inmate's reintegration into the community or that will reimburse the department for incarceration costs, including

---

[1] The court has amended the case caption to be consistent with plaintiff's amended complaint and directs the clerk of court to do the same.

legal loans and restitution."). There is no federal law that requires state officials to give prisoners money from their release account to pay the costs of prosecuting a civil lawsuit, such as postage and copying fees.

The only circumstance permitting this court to order use of release account funds is when a prisoner's general account has insufficient funds to pay an initial, partial filing fee payment. *See Artis v. Meisner*, No. 12-cv-589-wmc, 2015 WL 5749785, at *5-6 (W.D. Wis. Sept. 30, 2015) ("Absent some authority *requiring* the prison to disburse [plaintiff's] release account funds, the court declines to interfere in the administration of Wisconsin state prisons . . . ." (emphasis in original)); *Mosby v. Wommack*, No. 08-cv-677, 2009 WL 2488011, at *1 (W.D. Wis. Aug. 12, 2009) ("[W]ith the exception of initial partial payments, [federal district courts] do not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account."). Accordingly, this court lacks the authority to direct state prison officials to take funds from plaintiff's release account to pay litigation costs.

*Second*, the court will not order prison officials to grant Williams additional law library time but will grant Williams' request to notify prison officials about upcoming deadlines in this case. Here are all outstanding deadlines and important dates in this case:

- Dispositive motions are due July 1, 2022;
- Rule 26(a)(3) Disclosures and motions in limine are due December 16, 2022;
- Objections are due December 30, 2022;
- Final Pretrial Conference: January 13, 2023; and
- Trial: January 23, 2023.

Williams may use this order to request additional law library time, but he must do so in accordance with his institution's procedures. This order is *not* a directive to prison officials that Williams *must* receive a certain allotment of extra law library time, and in fact, Williams neither (1) represented that he has missed any previous deadlines in this case for lack of law library time, nor (2) detailed any imminent need for additional law library time. Should the circumstances change, and Williams is denied extra law library time that he needs to meet an upcoming deadline, Williams may file a motion with the court that provides specific details about why he needs additional law library time and how prison officials have responded to his requests for more time.

## ORDER

IT IS ORDERED that plaintiff Yusef Williams' motion for use of his release account and a court schedule (dkt. #25) is GRANTED IN PART AND DENIED IN PART, as provided above.

Dated this 24th day of June, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge